IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STEPAN BOTSVYNYUK,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN J. FIKES,<br><br>        Respondent. | CIVIL ACTION NO.: 2:22-cv-120 |

## REPORT AND RECOMMENDATION

Petitioner Stepan Botsvynyuk ("Botsvynyuk"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, submitted a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Botsvynyuk's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Botsvynyuk *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Botsvynyuk his suit is due to be dismissed. As indicated below, Botsvynyuk will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Botsvynyuk was convicted, after a lengthy trial, of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). J., United States v. Botsvynyuk, 2:10-cr-159 (E.D. Pa. July 18, 2012) ("Crim. Case"), ECF No. 250. Botsvynyuk was sentenced to 240 months in prison. Id.

Botsvynyuk filed a direct appeal with the Third Circuit Court of Appeals and asserted his trial counsel was ineffective for failing to raise a statute of limitations defense. United States v. Botsvynyuk, 552 F. App'x 178 (3d Cir. 2014). The Third Circuit rejected this argument, finding the issue waived, and affirmed Botsvynyuk's conviction and sentence.[2] Id.; Crim. Case, ECF No. 340.

With the assistance of counsel, Botsvynyuk filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the Eastern District of Pennsylvania. Crim. Case, ECF Nos. 538, 622. Botsvynyuk asserted his trial counsel was ineffective because he failed to raise and preserve the statute of limitations issue, argue on appeal about the upward variance on his sentence, and present evidence from exculpatory witnesses. Id. The Honorable Paul Diamond denied Botsvynyuk's motion. Id. at ECF Nos. 673, 750. Botsvynyuk filed an appeal of this denial, and the Third Circuit denied this appeal "largely for the reasons" Judge Diamond explained in his orders. Id. at ECF No. 756. The Third Circuit also denied Botsvynyuk's application to file a second or successive § 2255 motion because the cases he relied on had no bearing on his conviction or sentence. Id. at ECF No. 818.

---

[2] The Third Circuit Court of Appeals noted it generally would not review ineffective assistance of counsel claims on direct appeal and informed Botsvynyuk he could pursue such claims under 28 U.S.C. § 2255. Botsvynyuk, 552 F. App'x at 182.

In his § 2241 Petition, Botsvynyuk contends the trial court should re-sentence him because his offense of conviction, conspiracy to engage in a racketeering enterprise, is no longer a violent offense. Doc. 1 at 2, 7. He cites United States v. Wynn, 37 F.4th 63 (2d Cir. 2022), in support of his claim.[3] Id. at 6. Botsvynyuk also asserts the testimony against him was "tainted" and should not have been used against him and the testimony did not uncover any activity by him in the years 2005 through 2007, which raises a statute of limitations violation. Id. In addition, Botsvynyuk asserts Judge Diamond improperly instructed the jury it had to have a unanimous verdict. Id.

## DISCUSSION

**I.   Whether Botsvynyuk Can Proceed Under § 2241**

Botsvynyuk's Petition should be dismissed because it is an attack on his federal sentence that can only be made in compliance with § 2255, and Botsvynyuk has not satisfied the requirements of § 2255. His Petition is barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or

---

[3]   The Court presumes this is the case Botsvynyuk contends entitles him to relief. It does not, particularly in this Court. The Second Circuit Court of Appeals determined Wynn met his burden of showing he was entitled to a mitigating role adjustment under § 3B1.2 of the United States Sentencing Guidelines. 37 F.4th at 67–69. This is not a supported argument Botsvynyuk makes in his Petition and, even if it were, this Court cannot provide him with his requested relief.

conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U. S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086.

To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Botsvynyuk does not present any of those circumstances through his instant Petition.[4] Botsvynyuk is clearly challenging his sentence, which he freely admits. Doc. 1. This is the type of claim and requested relief § 2255 encompasses. It is clear Botsvynyuk is not attacking the manner in which his sentence is being executed but his sentence itself. He would have been permitted to bring this type of claim in a motion to vacate (and did), and § 2255 provided Botsvynyuk with an adequate procedure to test his claim. In fact, Botsvynyuk already filed a § 2255 motion with the sentencing court, an appeal of the denial of his § 2255 motion, an

---

[4] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim new case law exists, new facts have come to light, or the § 2255 court got it wrong. Id. at 1086, 1090.

5

application for leave to file a second or successive § 2255 motion, and a direct appeal of his conviction and sentence (where he raised at least one of the grounds from his § 2241 Petition).

Further, Botsvynyuk's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact Botsvynyuk faces a bar against a second or successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).

Section 2255 provided Botsvynyuk an "adequate procedure" to test his conviction and sentence before the sentencing court. In fact, Botsvynyuk used the § 2255 mechanism in the District of conviction and was not successful. Consequently, Botsvynyuk cannot show § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Botsvynyuk cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his Petition.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Botsvynyuk leave to appeal *in forma pauperis*. Though Botsvynyuk has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3);

Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Botsvynyuk's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Botsvynyuk *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Botsvynyuk's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Botsvynyuk *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of April, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA